UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NADINE CRAYTON, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, COMMISSIONER )<br>OF SOCIAL SECURITY, )<br>   Defendant. ) | 1:09-cv-0173-LJM-TAB |

### **ENTRY ON JUDICIAL REVIEW**

  Plaintiff, Nadine Crayton ("Crayton"), seeks judicial review of the final decision of defendant, Michael J. Astrue, Commissioner of Social Security, who found that Crayton was not entitled to a period of disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court rules as follows.

  In January 2004, Crayton filed her DIB and SSI application, alleging she became disabled on August 15, 2002, due to diabetes mellitus, mixed urinary incontinence, back problems, hypertension, gastroesophageal reflux disease, coronary artery disease, chronic obstructive pulmonary disease, obesity, and depression. R. at 26, 139-41, 154-56, 193-94, 200. Her applications were denied initially and upon reconsideration. R. at 26. Crayton subsequently requested a hearing before administrative law judge, Roseanne P. Gudzan (the "ALJ"), which occurred on May 14, 2007. *Id.* On July 24, 2007, the ALJ held a supplemental hearing. *Id.* On August 15, 2007, the ALJ denied Crayton's claim. R. at 23-40.

  The ALJ found that Crayton has a number of severe impairments, one of which is mixed urinary incontinence. R. at 29. However, the ALJ determined that the record failed

to establish the existence of an impairment or combination of impairments that medically equaled an impairment specified in the Listing of Impairments. R. at 30-31. Between the third and fourth steps of the sequential analysis, the ALJ found that Crayton has the Residual Functional Capacity ("RFC") to lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently with her upper extremities. R. at 31. Crayton can sit for about six hours in an eight-hour workday; stand and walk at least two hours in an eight-hour workday; and can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. R. at 31-32. In addition, according to the ALJ, Crayton cannot push, pull, or be exposed to vibrations with her lower extremities, and should never work at unprotected heights or around dangerously moving machinery. R. at 32. Crayton should avoid even moderate exposure to humidity, wetness, dust, odors, fumes, extreme temperatures, and other such pulmonary irritants. *Id.* The ALJ also found that Crayton requires the option to use a cane to transfer positions and walk. *Id.* Based on this RFC, the ALJ found at step four that Crayton could not perform her past relevant work as a licensed practical nurse. R. at 38. However, at step five, the ALJ determined that Crayton acquired work skills from her past relevant work that she can transfer to other occupations or jobs that exist in significant numbers in the national economy. R. at 39. Accordingly, the ALJ found that Crayton was not disabled. R. at 40.

On October 31, 2008, the Appeals Council denied Crayton's request for review. R. at 12-14. Therefore, the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 416.1481; *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999)

Crayton appeals the ALJ's decision under § 405(g). She asserts one argument on appeal, namely that the ALJ did not adequately account for Crayton's work restrictions due

to mixed urinary incontinence in his RFC assessment.

A claimant's alleged physical or mental impairments must be supported by medically determinable evidence. 20 C.F.R. § 416.908. The burden of proof is on the claimant for the first four steps of the sequential evaluation process, which includes the claimant's assessed RFC, and only shifts to the Commissioner at the fifth and final step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992) (citing *Ray v. Bowen*, 843 F.2d 998 (7th Cir. 1988)). This Court will sustain the ALJ's findings if they are supported by substantial evidence. 42 U.S.C. § 1383(c)(3) (incorporating judicial review provisions of 42 U.S.C. § 405(g)); *Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1999) (citing *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992)). A reviewing court may not substitute its judgment for that of the ALJ, nor may it decide facts anew or reweigh evidence*.* *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) (citing *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995)). While a scintilla of evidence is insufficient to support the ALJ's findings, the only evidence required is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz*, 55 F.3d at 305 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Although Crayton has several severe impairments, her challenge focuses on the ALJ's treatment of her mixed urinary incontinence. Specifically, Crayton claims that her mixed urinary incontinence requires her to take additional restroom breaks and breaks to change protective undergarments, and that the ALJ failed to include those limitations in assessing Crayton's RFC. Crayton does not direct the Court to any record evidence that would support her assertion that the ALJ's RFC determination should have included limitations based on additional restroom breaks and breaks to change her protective

3

undergarments.  *See Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("[T]he claimant bears the burden of supplying adequate records and evidence to prove their claim of disability.").  To the contrary, there are medical source opinions and other evidence of record that support the ALJ's RFC finding.

For example, Dr. S. Roush ("Dr. Roush"), a state agency reviewing physician, completed a Physical RFC form, and the ALJ's RFC assessment comports with that form. R. at 350.  Dr. Roush indicated that he considered Crayton's incontinence in rendering his opinion. R. at 348.  Furthermore, Dr. R. Wenzler ("Dr. Wenzler"), a state agency reviewing physician, opined in a Physical RFC form that Crayton is capable of performing a range of sedentary work, despite her mixed urinary incontinence.  R. at 224-31.  Both Dr. Roush and Dr. Wenzler based their opinions on the assumption that whether Crayton was sitting or standing, she would be entitled to normal breaks.  R. at 225, 350.

At her hearing, Crayton indicated that she has incontinence that requires her to wear protective garments.  R. at 508.  However, she did not indicate that due to her incontinence, she requires unscheduled breaks from work, above and beyond the breaks that she was afforded at her previous job.  *Id.*

The ALJ considered Crayton's mixed urinary incontinence in determining that Crayton's RFC includes postural limitations.  R. at 36.  In addition, the ALJ reviewed the objective medical evidence regarding Crayton's mixed urinary incontinence and determined that Crayton's allegations of significant bladder problems would not preclude her from sustaining work activities at the level that the ALJ assessed Crayton's RFC.  R. at 34.

Altogether, the ALJ's RFC assessment is supported by substantial evidence. Crayton has not directed the Court to any record evidence in support of her assertion that

due to her mixed urinary incontinence, the ALJ's assessed RFC should have included a limitation for additional breaks during the workday.  The Court has found no such evidence on its own examination, and concludes that the ALJ did not err in failing to include additional breaks from work in her assessment of Crayton's RFC.  For these reasons, the final decision of the Commissioner of the Social Security Administration is **AFFIRMED**.  Final judgment shall be entered accordingly.

    IT IS SO ORDERED this 30th day of March, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Michael G. Myers
mgmyers10@sbcglobal.net